IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CARL NELSON, II,

          Petitioner,

    v.                                    CIVIL ACTION NO.: 2:14–CV–86
                                                   (JUDGE BAILEY)
DAVID BALLARD, Warden,
MOUNT OLIVE CORRECTIONAL COMPLEX

          Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

On November 13, 2014, Carl Nelson, II (Petitioner), filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. On December 29, 2014, Petitioner paid the $5.00 filing fee. ECF No. 10. On February 17, 2015, Respondent was ordered to show cause as to why the Petition should not be granted. ECF No. 11.

On March 10, 2015, Respondent filed a Motion for Extension of Time, which was granted on March 11, 2015. ECF Nos. 13 & 15. Respondent filed a Response to Petitioner's Petition on April 17, 2015. ECF No. 17. On that same day, Respondent also filed a Motion for Summary Judgment as well as a Memorandum in Support of Respondent's Motion for Summary Judgment. ECF Nos. 18 & 19. After the Court granted both of Petitioner's Motions for an Extension of Time [ECF Nos. 25 & 32], Petitioner filed his Response to Respondent's Motion for Summary Judgment on August 17, 2015. ECF No. 36.

This matter is now pending before the undersigned for a Report and Recommendation.

## I. PROCEDURAL HISTORY

**A.**    *State Court Proceedings*

    1.    <u>Berkeley County Circuit Court conviction</u>

On or about October 23, 2007, the Berkeley County Grand Jury charged Petitioner in an eleven-count Indictment. Every count was a sexually based offense stemming from Petitioner's alleged conduct with his two young children.  On March 31, 2008, following a jury trial, Petitioner was found guilty on ten counts.[1] Specifically, Petitioner was convicted of one count of Sexual Abuse in the First Degree, one count Sexual Assault in the Second Degree, two counts of Sexual Abuse in the First Degree, two counts of Incest, two counts of Sexual Abuse by Parent, Custodian, or Guardian, and two counts of Display of Obscene Matter to a Minor. ECF No. 19 at 3.

On June 19, 2008, Petitioner was sentenced to thirty-five years for Sexual Assault in the First Degree; ten to twenty-five years for Second Degree Sexual Assault; one to five years for both counts of First Degree Sexual Abuse; five to fifteen years for both counts of Incest; ten to twenty years for both counts of Sexual Abuse by Parent, Custodian or Guardian; and a determinate sentence of five years for both counts of Display of Obscene Matter to a Minor. ECF No. 18-7 at 5–6. The court ordered the sentences for First and Second Degree Sexual Assault to run consecutively, and the remaining counts to run concurrently with each other but consecutively to the sentences for First and Second Degree Sexual Assault. <u>Id.</u>

    2.    <u>Direct appeal to West Virginia Supreme Court of Appeals</u>

Petitioner filed a Petition for Appeal in the West Virginia Supreme Court of Appeals (WVSCA) on July 6, 2009. Petitioner's counsel submitted the following two grounds:

---

[1] The State withdrew one count of Sexual Abuse in the First Degree at the close of the State's case. ECF No. 18-7 n1 at 7.

(1)       The Circuit Court erred by admitting the State's Rule 404(b) evidence; and

(2)       The Circuit Court erred when it failed to continue the *McGinnis* hearing to enable Petitioner to investigate the testimony and allegations of the State's Rule 404(b) evidence in order to garner his own evidence in rebuttal thereof.

ECF No. 18-1 at 2. Counsel for Petitioner also submitted the following fourteen other grounds for appeal pursuant to Anders v. California, 386 U.S. 738 (1967).

(1)       The Circuit Court erred by refusing an in camera hearing to review the competency of and other issues relate to the testimony of A.N.;[2]

(2)       The Circuit Court erred by refusing the Petitioner the opportunity to review, and access to, the health records of A.N.;

(3)       The Circuit Court erred by refusing the Petitioner the opportunity to review, and access to, the school registration and attendance records of A.N. and S.N.;

(4)       The Circuit Court erred by refusing to require the State to determine whether there were police investigative records in the State of Maryland relative to the allegations in the indictment;

(5)       The Circuit Court erred by refusing to strike juror Teresa Pertee for cause;

(6)       The Circuit Court erred by allowing excessive hearsay testimony from State's witness Brandon Hall;

(7)       The Circuit Court erred by permitting witness Brandon Hall to opine as to why there were differences in the factual allegations, contained in his report and the actual testimony of the alleged victims, before their testimony was elicited in Court;

(8)       The Circuit Court erred in allowing the Rule 404(b) witnesses to testify as to matters outside the scope of Rule 404(b) evidence;

(9)       The Circuit Court erred by refusing to adjourn the trial and remove the jury when witness R.B. became emotional during his testimony thereby inflaming

---

[2] Because of the nature of the underlying criminal case, the Court will use only the initials of any of the victims.

3

the jury;

(10) The Circuit Court erred by refusing to permit Petitioner's counsel to confront witness R.B. with his prior testimony in the Rule 404(b) <u>McGinnis</u> hearing.

(11) The Circuit Court erred by refusing to grant a directed judgment of acquittal after the state rested its case in chief and also after the close of all the evidence;

(12) The Circuit Court erred by permitting the State to confront witness Dana Williams about her parental fitness in causing her child to be near the Petitioner;

(13) The Circuit Court erred by refusing to permit witness Marian N. from testifying regarding A.N.'s hospitalization and subsequent counseling; and

(14) The Circuit Court erred by permitting the State to cross examine witness Marian N. on the testimony of the Rule 404(b) witnesses, said cross-examination being outside the scope of Rule 404(b) evidence.

<u>Id.</u> at 2–3. The WVSCA refused Petitioner's direct appeal on September 24, 2009. ECF No. 18-3.

3. <u>State habeas corpus petition</u>

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus on March 24, 2010. <u>See</u> ECF No. 18-7 at 7. Counsel was then appointed to represent Petitioner, and he subsequently filed an amended Petition for Writ of Habeas Corpus on February 3, 2011. <u>Id.</u> Petitioner then filed a *pro se* motion to amend, that the court granted, and a superseding Amended Petition for Writ of Habeas Corpus was filed on February 29, 2012. An omnibus habeas evidentiary hearing was held, and subsequently, the circuit court denied Petitioner's Petition on May 2, 2013.

4. <u>Appeal to WVSCA of State Habeas Corpus Petition Denial</u>

Petitioner appealed the habeas court's decision to the WVSCA on September 3, 2013. ECF No. 9 at 6. Petitioner alleged that the circuit court made the following errors in regard to his Petition for a Writ of Habeas Corpus:

(1)      The Circuit Court of Berkeley County abused its discretion by denying the relief requested in Petitioner's Amended Petition for Writ of Habeas Corpus when the State presented insufficient evidence to sustain a conviction;

(2)      The Circuit Court of Berkeley County committed reversible error by denying the relief requested in Petitioner's Amended Petition for Writ of Habeas Corpus when Petitioner received ineffective assistance of counsel;

(3)      The Circuit Court of Berkeley County abused its discretion by denying the relief requested in Petitioner's Amended Petition for Writ of Habeas Corpus when Petitioner is actually innocent of the crimes for which he was improperly convicted as said convictions were based on false testimony;

(4)      The Circuit Court of Berkeley County abused its discretion by denying the relief requested in Petitioner's Amended Petition for Writ of Habeas Corpus when the Court improperly admitted certain 404(b) evidence;

(5)      The Circuit Court of Berkeley County abused its discretion by denying the relief requested in Petitioner's Amended Petition for Writ of Habeas Corpus when the Circuit Court improperly denied Petitioner's pretrial motion for continuance; and

(6)      The Circuit Court of Berkeley County abused its discretion by denying the relief requested in Petitioner's Amended Petition for Writ of Habeas Corpus based on the cumulative effect of error suffered by Petitioner.

Id. On April 25, 2014, the WVSCA issued a memorandum decision affirming the habeas court's order denying Petitioner's Petition for Writ of Habeas Corpus. ECF No. 1-2.

**B.**    *Federal Habeas Corpus Petition*

In his § 2254, Petitioner requests that this Court hold an "evidentiary hearing in the Federal Court with the appointment of counsel and/or [send Petitioner's case] back to the Circuit Court with

instructions." ECF No. 1 at 29. Petitioner lists sixteen (16) grounds for relief.[3]

(1)     The trial court admitted improper 404(b) evidence;

(2)     the trial court limited the Petitioner's access to the various records concerning the victim;

(3)     the trial court failed to strike juror Teresa Pertee for cause;

(4)     the trial court allowed extensive hearsay testimony from State's witness Brandon Hall;

(5)     allowing the jury to hear and see State's witness R.B.'s emotional testimony;

(6)     refusing to allow Petitioner's trial counsel to cross examine R.B. with testimony from his 404(b) hearing;

(7)     permitting the State to question Dana Williams about her parental fitness in causing her child to be near the Petitioner;

(8)     refusing to allow a defense witness to testify about one of the victims' hospitalization and subsequent counseling;

(9)     permitting the State to cross examine a defense witness outside the scope of Rule 404(b);

(10)    ineffective assistance of trial counsel;

(11)    ineffective assistance of appellate counsel;

(12)    insufficient evidence to sustain a conviction;

(13)    due process rights violated by an improper [family] conspiracy to wrongfully convict Petitioner;

(14)    convicted under unconstitutional statutes;

(15)    cumulative errors; and

(16)    actual innocence.

---

[3] Some of the grounds are paraphrased for clarity and ease of understanding.

ECF No. 1 at 6–27. Petitioner acknowledged that, with regard to Ground 14, the habeas court "did not rule on this specific ground although it was within the Habeas Petition." ECF No. 36 at 4. Petitioner "reluctantly" will waive this Ground, should not doing so result in the Court granting the Respondent's Motion for Summary Judgment. Id. at 3–4.

## II. STANDARD OF REVIEW

The Supreme Court of the United States  recognizes the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also United States v. White, 366 F.3d 291, 300 (4th Cir. 2004): United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (citing Andiarena v. United States, 967 F.2d 715, 719 (1st Cir. 1992)). Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). However, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

In considering the motion for summary judgment, the Court must do so under the constraints imposed by the habeas statue. Under § 2254, this Court may not grant federal habeas relief unless it concludes that West Virginia's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362 (2000). A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," 28

U.S.C. § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 405. A state court decision "involves an unreasonable application of [] clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), if the state court decision "identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412. An objectively "unreasonable application of federal law is different from an incorrect or erroneous application of federal law." Id. Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable" for habeas relief to be granted. Id. at 411.

Additionally, "The Fourth Circuit Court of Appeals has determined that 'the phrase "adjudication on the merits" in section 2254(d) excludes only claims that were not raised in state court. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 2000)."

As these principles make clear, § 2254(d) imposes a powerful limit on the relitigation of claims that have already been rejected by state courts:

> "[Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332 n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement."

Harrington v. Richter, 131 S.Ct. 770, 786–87 (2011). A habeas petitioner proceeding under § 2254 bears the burden of showing that he is entitled to habeas relief under this highly deferential standard.

Finally, determinations of factual issues by the state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "Where the state court *conducted an evidentiary hearing and explained its reasoning with some care*, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) (emphasis added). This standard "reflects Congress's view that there is no reason for a do-over in federal court when it comes to facts already resolved by state tribunals." Id. Accordingly, courts should not "casually cast aside a state court's factual findings. Id.

### III. ANALYSIS

Respondent urges the Court to deny and summarily dismiss the Petition because Petitioner "fails to identify how the state court's rulings on his claims are contrary to, or an unreasonable application of, clearly established federal law." ECF No. 19 at 1. Under Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011), federal habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court unless the state court determination:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence present in the State court proceeding.

For the following reasons, the Court finds that the instant habeas petition should be denied.

**A.** ***Petitioner cannot identify any clearly established federal law that was unreasonably applied by the state courts in admitting the 404(b) evidence.***

Petitioner argues in his first ground for relief that the circuit court erred by admitting the State's Rule 404(b) evidence; not granting defense counsel's request for a continuance to gather rebuttal evidence; and allowing emotional, inflammatory testimony by State's witnesses. ECF No. 1 at 6. The Respondent argues, and this Court agrees, that "Petitioner is seeking to challenge the state court's application of state evidentiary rules. This is not a cognizable federal claim, and it must therefore be rejected." ECF No. 19 at 12 (citing <u>Lucas v. McBride</u>, 505 F. Supp. 2d 329, 354 (N.D. W.Va. 2007).

Moreover, Petitioner's federal due process rights were not violated. The State filed a Notice of Intent to Use 404(b) Evidence four months before the pretrial hearing held on March 10, 2008. ECF No. 1-1 at 30. Petitioner was thus afforded sufficient time to gather evidence in preparation for the <u>McGinnis</u> hearing, and there was no constitutional violation for denying Petitioner a continuance during the hearing. The Court further agrees with the Respondent that "the 404(b) evidence was not so prejudicial or compelling as to deny Petitioner a constitutionally fair proceeding" because "the State's most damning evidence was the testimony of the victims." ECF No. 19 at 13. Therefore, this Court finds no clearly established federal law was unreasonably applied by the state courts in regard to Rule 404(b) or any of Petitioner's assertions under ground one of his Petition.

**B.** ***Petitioner cannot identify any clearly established federal law that was unreasonably applied by the state courts in regard to the State court's evidentiary rulings.***

The issues Petitioner raises in his second ground are without merit. These issues arise from a pretrial hearing held on March 13, 2008. <u>See</u> ECF No. 18-10. Again, the trial court relied on West

Virginia Rules of Evidence and West Virginia case law in making an evidentiary decision, which is outside of this Court's review absent a violation of Petitioner's federal constitutional rights. As articulated above regarding Petitioner's first ground, "habeas corpus relief is available only where there has been a violation of a constitutional right." Alfini v. Lord, 245 F. Supp. 2d 493, 499 (citing 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991)). "Generally, state court rulings on evidentiary matters are state law issues and do not rise to the level of a constitutional violation." Id. (citing Warren v. Miller, 78 F. Supp. 2d 120, 134–35 (E.D.N.Y. 2000)). Courts have routinely held that "[w]hen presenting an evidentiary ruling for federal review, a petitioner bears a heavy burden of establishing that her constitutional rights were deprived." Id.

The instant Petition fails to offer any federal or constitutional rights that were violated by the state courts' actions, and this Court finds that no such violation exists. Thus, Petitioner's second ground for relief should fail.

**C.**     ***Petitioner cannot identify any clearly established federal law that was unreasonably applied by the state courts when it declined to strike juror Pertee for cause.***

In his third ground for relief, Petitioner asserts that the trial court erred by not striking juror Teresa Pertee for cause because she worked for the Department of Health and Human Resources (DHHR) for over thirty years. The trial court noted that, although Ms. Pertee worked for DHHR for thirty-four years, she was "about as separate and apart from the front line abuse and CPS type work as it sounds like one could be." ECF No. 18-11 at 71. "A trial judge's determination of potential juror bias . . . is a factual finding entitled to the presumption of correctness contained in 28 U.S.C. § 2254(d)." Morgan v. Ballard, Civ. Action No. 2:13-20212, 2014 WL 4629584 (S.D. W. Va. Aug. 12, 2014) (quoting Wainright v. Witt, 469 U .S. 412, 420 (1985)). Based on Ms. Pertee's answers, the trial court found that there was no question she would not be affected by her experience and that

she would be able to fairly and impartially hear the case. ECF No. 18-11 at 71. Thus, the Petition

fails to state a cognizable claim or identify any clearly established federal law that was unreasonably

applied by the state courts with regard to striking juror Pertee for cause.

**D.**     ***Petitioner cannot identify any clearly established federal law that was unreasonably applied by the state courts in regard to Sergeant Hall's testimony.***

Sergeant Brandon Hall participated in the investigation of Petitioner. ECF No. 18-15.

Petitioner argues that the trial court erred when it admitted extensive hearsay testimony from

Sergeant Hall by allowing him to testify using another investigator's records. See ECF No. 1 at 11.

Sergeant Hall testified that he obtained the warrant for Petitioner's arrest. ECF No. 18-15 at 51–52.

Sergeant Hall further testified that, based on the information he had, he determined that an arrest was

necessary. Id. at 52. Sergeant Hall then testified that he reviewed the DVD interview that was

conducted of the two victims. Id. at 53. When the State asked Sergeant Hall what information from

the DVD allowed him to reach the conclusion that warrants were necessary, Petitioner's trial counsel

objected on hearsay grounds. Id. at 53–54. The State represented that it was not offering the

evidence for the truth of the matter asserted but rather to show the jury the actions the police officer

took relevant to his investigation in obtaining the warrant. Id. at 53–54.

In regard to discrepancies involving the investigative reports, the discrepancies Sergeant Hall

testified about were between the report and the interviews of the victims, not the victims' testimony.

Id. at 59–60. Sergeant Hall testified that the report he prepared had a few discrepancies because he

based his reports on the notes of another investigator as opposed to the contents of the actual

interviews. Id. at 61. Insofar as this is an evidentiary issue, a "habeas petitioner bears a heavy

burden in showing a due process violation based on an evidentiary decision." Boyde v. Brown, 404

F.3d 1159, 1172 (9th Cir. 2005). In other words, "admission of evidence violates due process only

if there is no permissible inference the trier of fact can draw from it." Id. Petitioner cannot show a federal due process violation based on the foregoing. The Supreme Court of the United States has "defined the category of infractions that violate 'fundamental fairness' very narrowly." Dowling v. United States, 493 U.S. 342, 352 (1990). The Supreme Court continued, "[b]eyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." Id. Petitioner cannot demonstrate that the admission of Sergeant Hall's testimony regarding his investigation and report rendered Petitioner's trial fundamentally unfair, and accordingly, Petitioner's claims in this ground should be rejected as a matter of law.

**E.** ***Petitioner cannot identify any clearly established federal law that was unreasonably applied when the state court allowed the jury to view witness R.B.'s emotional testimony.***

Petitioner asserts that the trial court erred by refusing to adjourn the trial and remove the jury from the courtroom after one of the State's witnesses, R.B.,[4] appeared to be sobbing during his testimony. ECF No. 1 at 12. There is no federal constitutional violation in allowing a witness to testify even when said witness becomes emotional. In Whitehead v. Cowan, the Seventh Circuit refused to grant habeas relief where a witness, the murder victim's mother, while on the witness stand, "rose and began shouting at the defendant and crying. Allegedly, she then asked the petitioner why he had killed her daughter." 263 F.3d 708, 723 (7th Cir. 2001). The Whitehead court referenced a Fifth Circuit case with similar circumstances; in Kinnamon, the court concluded, "we are unpersuaded that there was any prejudicial error of constitutional magnitude. That the young girl was upset and angry at the person accused by the state as the murderer of her father communicated

---

[4] Because of the nature of the underlying criminal case, the Court will use only the initials of any of the victims.

nothing new to the jury, even if the incident occurred." <u>Kinnamon v. Scott</u>, 40 F.3d 731 (5th Cir. 1994).

Similarly, here the witness became emotional when testifying about very sensitive and traumatic things that he explained had happened to him as a child. ECF No. 18-12 at 74–75. The trial court properly denied Petitioner's motion to remove the jury, noting that a jury is entitled to watch witnesses carefully as well as listen to their testimony when judging credibility. <u>Id.</u> at 75. Petitioner has not offered a federal constitutional violation by the State's witness becoming emotional on the stand when testifying about sexual offenses Petitioner allegedly committed against him. Further, this Court finds no clearly established federal law that was unreasonably applied. Therefore, Petitioner's fifth ground should also fail.

**F.**   ***Petitioner cannot identify any clearly established federal law that was unreasonably applied by the state courts in regard to Petitioner's claims that the trial court should have allowed defense counsel to confront the witness with prior testimony.***

Petitioner asserts that the trial court erred in refusing to allow Petitioner's counsel to confront R.B. with his prior testimony in the Rule 404(b) hearing. ECF No. 1 at 13. Contrary to Petitioner's claims, an examination of R.B.'s testimony shows that the trial court did not refuse to allow Petitioner's counsel to confront R.B. with his prior testimony. ECF No. 18-12. During trial, the court sustained an objection by the State to Petitioner's counsel mischaracterizing R.B.'s testimony from the 404(b) hearing. <u>Id.</u> at 86–94. However, Petitioner's trial counsel remained free to confront R.B. with his prior testimony from the Rule 404(b) hearing. In fact, Petitioner's trial counsel actually confronted R.B. with his testimony from the 404(b) hearing. Counsel asked R.B. if he recalled testifying during the 404(b) hearing that he remembered things like Petitioner touching him, "but could not pinpoint it." <u>Id.</u> at 94–95. Regardless of the Petition's factual inaccuracies, this

claim is similar in nature to grounds one and two, which focus on evidentiary rulings under state rules and law in the state trial court. Accordingly, to the extent that the Petition may accurately allege an issue, the issue is outside this Court's purview. Therefore ground six should be denied.

**G.** ***Petitioner cannot identify any clearly established federal law that was unreasonably applied by the state courts in regard to Petitioner's claims asserted in ground seven.***

Petitioner argues that trial court improperly questioned witness Dana Williams, who has a child with Petitioner. A review of Dana Williams's testimony reveals that the State's questions about her child staying with Petitioner were in regard to Williams's bias toward Petitioner, and as such, they were relevant questions and probative to her credibility. ECF No. 18-13. The State asked Williams what steps she had taken to protect her daughter from Petitioner after she discovered that Petitioner was accused of sexually assaulting A.N. Id. at 24–25. Petitioner's counsel immediately objected and a side bar was held. Id. at 25–30. The trial court allowed the State to rephrase its question. Id. at 30. The State then rephrased, only asking Williams if the Petitioner had contact with their child after Ms. Williams found out about the allegations. Id. at 31–32. Ms. Williams testified that he did have contact with their child, and further, that Ms. Williams loved Petitioner and would do anything she could to protect him. Id. at 32.

This ground again raises an evidentiary decision by a state court following state law. For all the reasons previously articulated above, this Court may not interfere with such decisions absent blatant misapplication of federal law or violation of constitutional rights. Petitioner has not demonstrated any such misapplication or violation. Thus, ground seven should be denied.

**H.** ***Petitioner cannot identify any clearly established federal law that was unreasonably applied by the state courts in regard to Petitioner's claims that the trial court impermissibly restricted Marian N.'s testimony.***

Petitioner claims that the trial court erred by refusing to permit witness Marian N. from

testifying regarding A.N.'s hospitalization and subsequent counseling after the State "opened the door" to said testimony. ECF No. 1 at 16. Petitioner argues that the State opened the door to A.N.'s hospitalization and subsequent counseling when A.N. testified that she had cut her wrists. Id. The State objected when Marian N. testified that A.N. previously had spent time in a mental institution in Maryland. ECF No. 18-14 at 62–63. In regard to A.N.'s mental health treatment, Petitioner's trial counsel proffered that Marian N. could testify as to an attempted suicide, that A.N. was admitted to the Glass Gundry Hospital, and that she subsequently took A.N. to some counseling sessions at the local health department. Id. at 69–70. The trial court ultimately found that if the proffered testimony had any relevance, its prejudicial value would substantially outweigh its probative value. Id. at 75.

Going back to the Glass Gundry record, the trial court found that there was nothing to establish any nexus between Petitioner's mental status examination at Glass Gundry and the current allegations. Id. at 73–74. The trial court further found that Marian N.'s additional testimony of counseling did no more to establish the relevance of A.N.'s mental health history. Id. at 74. Petitioner has not demonstrated that the state court unreasonably applied any clearly established federal law with regard to preventing Marian N. From testifying about A.N.'s hospitalization.

Again, this ground challenges an evidentiary decision by a state court following state law. For all the reasons articulated above, this Court may not interfere with such decisions absent blatant misapplication of federal law or violation of constitutional rights. Petitioner has not demonstrated any such misapplication or violation. Thus, ground eight should also be denied.

I.    ***Petitioner cannot identify any clearly established federal law that was unreasonably applied by the state courts in regard to the trial court's evidentiary rulings concerning the State's cross-examination of Marian N.***

Petitioner claims the trial court erred by permitting the State to cross examine Marian

N. on the testimony of the Rule 404(b) witnesses. ECF No. 1 at 17. A review of Marian N.'s

testimony reveals that the State properly cross-examined Marian N. as to her understanding of what

occurred between Petitioner and his niece and nephew after Marian N. testified that they were just

kids "playin' around." ECF No. 18-14 at 90–92.

Moreover, this ground challenges an evidentiary decision by a state court following state

law. For all the reasons previously articulated, this Court may not interfere with such decisions

absent blatant misapplication of federal law or violation of constitutional rights. Petitioner has not

demonstrated any such misapplication or violation, and therefore, this claim should be rejected.

**J.**      ***Petitioner's ineffectiveness claims must be dismissed as a matter of law because Petitioner cannot prove that the state courts' rejection of these claims was contrary to or an unreasonable application of clearly established federal law.***

Petitioner alleges that his trial counsel was ineffective for multiple reasons; however, the

Court agrees with the Respondent that this ground is without merit. The Petitioner cannot prove that

the state court adjudications regarding his ineffective assistance claims were contrary to or involved

an unreasonable application of federal law. "Generally, in an ineffective-assistance-of-counsel case

where the state court applies <u>Strickland,</u> federal habeas courts can proceed directly to 'unreasonable

application' review." <u>Williams v. Taylor,</u> 529 U.S. 362, 417 (2000) (Rehnquist, C.J., concurring

in part and dissenting in part). A state court unreasonably applies Supreme Court precedent only

"if the state court identifies the correct governing legal rule . . . but unreasonably applies it to the

facts of the particular prisoner's case." <u>Id.</u> at 407 (majority decision). A federal court may not,

however, grant a habeas writ "simply because that court concludes in its independent judgment that

the relevant state-court decision applied clearly established federal law erroneously or incorrectly.

Rather, that application must also be unreasonable." Id. at 411.

To prevail under Strickland, the Petitioner must show that (1) his trial counsel's representation fell below an objective standard of reasonableness, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 687–91, 694 (1984). That requires a "substantial," not just "conceivable," likelihood of a different result. Harrington, 131 S. Ct. at 791. West Virginia has adopted the Strickland test for determining whether counsel was ineffective under the state Constitution. Syl. pt. 5, State v. Miller, 194 W. Va. 3, 459 S.E.2d 114 (1995).

The state habeas court properly found that Petitioner could not satisfy either prong of Strickland with regard to his ineffective assistance of counsel claims. ECF No. 18-7 at 18. With regard to trial counsel's investigation, the habeas court found that Petitioner failed to specify what facts were not investigated, or how such an investigation would have changed the outcome of his trial. Id. The court likewise found that Petitioner failed to specify what witnesses or evidence if properly discovered would have changed the outcome of trial. Id. With regard to counsel's performance at trial, the habeas court addressed each of Petitioner's contentions and properly applied the Strickland analysis. Id. at 19–27. Neither the Petition, nor the underlying record show that the state court unreasonably applied Strickland, and therefore, this ground should be dismissed.

**K.** ***Petitioner's ineffective assistance of appellate counsel claims should be dismissed as a matter of law because Petitioner cannot prove that the state courts' rejection of this claim was contrary to or an unreasonable application of clearly established federal law.***

Petitioner further asserts that he also received ineffective assistance of appellate counsel because counsel "failed to elaborate on many of the grounds." ECF No. 1 at 20. The Petitioner also takes issue that most of the grounds raised were done so by filing an Anders brief. Id. Petitioner

asserts that any person can see from the appeal that it was poorly completed with no real concern for Petitioner's rights.  Id.  The state habeas court found that Petitioner failed to identify in his petition or by testimony why he believes the outcome of his appeal would have been different had counsel not filed an Anders brief in regard to those issues.  ECF No. 18-7 at 27–28.  The Court's analysis above in ground K is also applicable here.  The state court did not unreasonably apply federal law in arriving at this conclusion.  Under Strickland, it is Petitioner's burden to show that there is a reasonable probability that the outcome of the proceedings would have been different but for his counsel's alleged errors.  Petitioner has not met that burden. Thus, this ground should be denied.

**L.**    ***Petitioner's insufficiency of the evidence claim must be dismissed as a matter of law because petitioner cannot prove that the state courts' rejection of this claim was contrary to or an unreasonable application of clearly established federal law.***

Petitioner argues that there was insufficient evidence to sustain a conviction in his case.  ECF No. 1 at 21.  Petitioner argues that A.N. recanting her story and then recanting that recantation somehow demonstrates that the victim is mentally incompetent.  Id.  First, the Supreme Court of the United States has noted, "[r]ecantation testimony is properly viewed with great suspicion. . . . [It] is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction." Dobbert v. Wainwright, 468 U.S. 1231, 1233–34 (1984) (Brennan, J., dissenting).

The WVSCA found that the habeas court heard the evidence below, "including A.N.'s explanation of how she was coerced into executing a false affidavit."  ECF No. 18-6 at 2–3.  The WVSCA also found that during the habeas hearing, A.N. reaffirmed her trial testimony, and further found that the habeas court committed no error in finding her testimony to be credible.  Id. at 3.  The

state habeas court fully addressed A.N.'s credibility. ECF No. 18-7 at 16. The state habeas court found that A.N.'s testimony was credible based on her demeanor and candor. Id. A.N. explained that she was pressured by her grandmother to sign an untrue affidavit, and that she eventually copied a draft of the untrue affidavit from one prepared by Petitioner. Id. A.N. testified that she stood by her trial testimony, and she further explained that she filed the most recent affidavit to recant the earlier untrue affidavit. Id.

Under 28 U.S.C. § 2254, "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C § 2254(e)(1). The Petitioner has failed to rebut this presumption. Considering the evidence before this Court, the state habeas court's ruling in this regard was not contrary to or an unreasonable application of clearly established federal law. Thus, this ground should be denied.

**M.**   ***Petitioner's claim that his due process right were violated by an improper conspiracy, by his family, to wrongfully convict must be dismissed as a matter of law.***

Regarding this ground, the Court agrees with Respondent that Petitioner has offered no evidence during any of the proceedings below that an improper conspiracy to convict him ever existed. Nonetheless, this Court cannot possibly find a cognizable ground based upon Petitioner's bald assertion that his own family–not the State–conspired to convict him. Therefore, lacking any development on the record whatsoever, this ground should be denied.

**N.**   ***Petitioner's claim that the statutes he was convicted under are unconstitutional has not been exhausted and must be dismissed.***

This claim is barred under the doctrine of exhaustion. The exhaustion doctrine bars a claim

if it is raised for the first time in a federal habeas petition. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), cert. denied, 523 U.S. 371 (1998). Petitioner acknowledged that, with regard to this ground, the habeas court "did not rule on this specific ground although it was within the Habeas Petition." ECF No. 36 at 4. Petitioner "reluctantly" will waive this Ground, should not doing so result in the Court granting the Respondent's Motion for Summary Judgment. Id. at 3–4. Here, Petitioner did not raise this issue in his appeal, and hence it is raised for the first time in his § 2254 petition. Accordingly, the same is unexhausted, and this Court cannot address its merits.

**O.**    ***Petitioner's claim that his due process rights were violated by the cumulative errors of the trial court must be dismissed as a matter of law because the Petitioner cannot prove that the State courts' rejection of this claim was contrary to or an unreasonable application of clearly established federal law.***

Petitioner lists eight errors that he asserts support his claim of cumulative error. ECF No. 1 at 25. These eight claims were addressed within the state habeas court's order under the heading "Other unsupported claims." ECF No. 18-7 at 31–32. The habeas court denied each of the allegations asserted herein for a lack of factual or legal support. Id. Petitioner's claim on appeal regarding cumulative error supports the conclusions of the habeas court. ECF No. 18-4 at 27–28. Petitioner offered no factual or legal argument supporting his claim, but instead, he offered a conclusory paragraph regarding cumulative error. There are simply no errors of constitutional magnitude in this case.

"The cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error. The purpose of a cumulative-error analysis is to address that possibility." United States v. Rivera, 900 F.2d 1462, 1469 (10th Cir. 1990). However, "legitimate cumulative-error analysis evaluates only the effects of matters actually

determined to be constitutional error." Fisher v. Angelone, 163 F.3d 835, 853 n.9 (4th Cir. 1998). Having found no error whatsoever, no cumulative effect exists that would entitle the Petitioner to habeas relief on this ground.

**P.**     ***Petitioner's claim of actual innocence should be dismissed as a matter of law.***

Finally, Petitioner claims that he avows his innocence and that the due process of law requires that Petitioner be afforded an evidentiary hearing to show all the evidence and allow him to present all claims. ECF No. 1 at 26. This claim must be dismissed as a matter of law.

"Free-standing claims of 'actual innocence' are usually not recognized in federal habeas actions." Smith v. Mirandy, No. 2:14-CV-18928, 2015 WL 1395781, at *4 (S.D. W. Va. Mar. 25, 2015) (citing Herrera v. Collins, 506 U.S. 390, 404, (1993) ("A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.")). "To the extent Petitioner raises a free-standing claim of actual innocence, such a claim has not been recognized by the United States Supreme Court outside of the capital context and thus is subject to dismissal on the merits regardless of exhaustion." Id. Furthermore, the only support for Petitioner's claim of actual innocence provided to the state courts' below was that he was convicted as the result of false testimony, again attacking the credibility of A.N. ECF No. 18-4 at 23. As already explained above, the state habeas court properly found A.N.'s testimony credible. Accordingly, Petitioner's actual innocence claim must be dismissed as a matter of law.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's §2254 petition be **DENIED and DISMISSED WITH PREJUDICE**, and Respondent's Motion for Summary

Judgment [ECF No. 18] be **GRANTED**.

Any party may, within fourteen [14] days of the filing of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, at their last known address as reflected on the docket sheet, and to any other counsel of record, as applicable.

Dated: November 20, 2015.

*/s Robert W. Trumble*

ROBERT W. TRUMBLE
U.S. MAGISTRATE JUDGE