**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**CARL NELSON, II,**

       Petitioner,

**v.**                                  **CIVIL ACTION NO. 2:14-CV-86**
                                            **(BAILEY)**

**DAVID BALLARD, Warden,**

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction:

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") filed by United States Magistrate Judge Robert W. Trumble [Doc. 38]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R, which was filed on November 20, 2015. The R&R recommends this Court dismiss, with prejudice, the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("2254 Motion") [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to timely file objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see **Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91,

94 (4th Cir. 1984). Here, objections to the R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on November 23, 2015 [Doc. 40]. Petitioner Carl Nelson, II ("petitioner") filed timely objections to Magistrate Judge Trumble's R&R on December 8, 2015 [Doc. 41]. By Order dated December 17, 2015 [Doc. 43], this Court granted leave for petitioner to amend his objections. Petitioner filed his Amended Objections on January 11, 2016 [Doc. 45]. Accordingly, this Court will make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The remaining portions will be reviewed for clear error.

## II. Factual and Procedural Background:

On October 23, 2007, the Berkeley County Grand Jury indicted petitioner on eleven counts of sexually related offenses that he committed against his twelve to thirteen year old daughter and ten to eleven year old son: (1) Sexual Assault in the First Degree; (2) Sexual Assault in the Second Degree; (3) Sexual Abuse in the First Degree; (4) Sexual Abuse in the First Degree; (5) Sexual Abuse in the First Degree; (6) Incest; (7) Incest; (8) Sexual Abuse by Parent, Custodian or Guardian; (9) Sexual Abuse by Parent, Custodian or Guardian; (10) Display of Obscene Matter to a Minor; and (11) Display of Obscene Matter to a Minor [Doc. 18-7 at 1]. Petitioner's bail included a term that he have no contact with minors; bail was revoked after authorities discovered that petitioner was residing with a step-sibling of the two victims [Id. at 2]. On November 9, 2007, the State informed petitioner that it intended to introduce evidence that he engaged in similar misconduct with his niece and nephew when they were minors [Id.].

On March 10, 2008, the Circuit Court of Berkeley County held a pretrial ***McGinnis***

hearing on the admissibility of 404(b) evidence, where petitioner's niece and nephew testified [Doc. 18-9 at 4-48, 49-88]. On March 17, 2008, the trial court ordered the admission of 404(b) evidence, finding that the evidence linking the petitioner to a history of sexual offenses against his young niece and nephew was relevant to the charged acts [Doc. 18-7 at 5]. The trial court also found that the evidence was neither too remote nor substantially outweighed by the prejudicial effect [Id.]. Upon review, the trial court determined that there was nothing in the records submitted that suggested inconsistency in petitioner's daughter's testimony or affected her competency as a witness [Id. at 3].

On March 31, 2008, after a jury trial, petitioner was found guilty on ten (10) counts of the indictment [Id. at 7]. Subsequently, petitioner was sentenced to a total of thirty-one (31) to eighty-five (85) years in prison [Doc. 18-1 at 1]. On July 6, 2009, petitioner filed an appeal to the West Virginia Supreme Court of Appeals ("WVSCA"), citing two bases for relief: (1) that the Circuit Court erred by admitting Rule 404(b) evidence; and (2) that the Circuit Court failed to continue the *McGinnis* hearing to enable petitioner to investigate the testimony and allegations of the 404(b) evidence in order to garner his own evidence in rebuttal thereof [Id. at 2, 8]. Counsel for petitioner also argued fourteen grounds for appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967) [Id. at 2-3, 9]. The WVSCA refused this petition for appeal on September 24, 2009 [Doc. 18-3].

On March 24, 2010, petitioner filed a *pro se* petition for writ of habeas corpus [Doc. 18-7 at 7]. Counsel was then appointed to represent petitioner, and he subsequently filed an amended Petition for Writ of Habeas Corpus on February 3, 2011 [Id.]. Petitioner then filed a *pro se* motion to amend, that the court granted, and a superseding Amended Petition for Writ of Habeas Corpus was filed on February 29, 2012 [Id. at 8]. An omnibus habeas

evidentiary hearing was held in which petitioner testified, claiming that the charges were a conspiracy against him by other family members, that his daughter's initial allegations and testimony were false, and his trial counsel was ineffective [Id. at 9-10]. The Circuit Court denied the petition on May 2, 2013 [Id. at 13-15].

Petitioner appealed this habeas court decision to the WVSCA, stating that the Circuit Court abused its discretion in denying relief, asserting that:

(1)     He received ineffective assistance of counsel.

(2)     The Circuit Court had insufficient evidence to sustain a conviction, admitted improper 404(b) evidence, and convicted him on false testimony.

(3)     The Circuit Court wrongfully denied petitioner's motion for continuance of trial and should have relieved him by writ of habeas corpus based on the cumulative effect of error.

[Doc. 18-6 at 2]. The WVSCA denied this petition, finding no error in the Circuit Court's proceedings [Id.]. On April 25, 2014, the WVSCA issued a memorandum decision affirming the habeas court's order denying Petitioner's Petition for Writ of Habeas Corpus [Doc. 1-2].

In the instant petition for writ of habeas corpus, petitioner requests an "evidentiary hearing in the Federal Court" and/or that this Court submit this action for further review by the Circuit Court [Doc. 1-1 at 29]. Petitioner cites sixteen grounds for relief, which will be discussed in greater detail below [Id. at 6-27]. Petitioner acknowledged that he will "reluctantly" wave Ground 14, which the habeas court did not rule on specifically, should not doing so result in the Court granting respondent's motion for summary judgment [Doc. 36 at 4-5].

Petitioner filed initial Objections to Magistrate Judge Trumble's R&R on December 8, 2015 [Doc. 41]. That same day, he also filed a Motion for Leave to Expand the Objection

Record [Doc. 42], which this Court construed as a motion for a page limit extension for his objections and additional time to file those objections. This Court granted petitioner's Motion for Leave by Order dated December 17, 2015 [Doc. 43], and gave petitioner until January 8, 2016 to file any additional objections to the R&R. Petitioner subsequently filed an Amended Objection to Magistrate Judge Trumble's R&R [Doc. 45], on January 11, 2016. In the interest of justice, this Court will consider the Amended Objections as if they were timely filed.

### III. **Applicable Law**:

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S.C. § 2254(d)(2). "In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" *Tucker v. Ozmint*, 350 F.3d 433, 439 (4th Cir. 2003).

Habeas corpus relief is not warranted, however, unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Richmond v. Polk*, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Brecht*, *supra*.

A state court decision "involves an unreasonable application of [] clearly established

Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), if the state court decision "identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." **Williams v. Taylor**, 529 U.S. 362, 412 (2000). An objectively "unreasonable application of federal law is different from an incorrect or erroneous application of federal law." **Id**. Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable" for habeas relief to be granted. **Id**. at 411.

## IV. <u>Analysis</u>:

Petitioner's Amended Objections to the R&R contain a total of twelve over-arching objections, of which almost all contain additional, related sub-objections. As many of these issues are logically related, they will be analyzed accordingly below.

<u>A</u>. <u>Petitioner Fails To State a Cognizable Federal Claim in Asking this Court to Review the State Trial Court's Application of State Evidentiary Rules</u>:

The vast majority of petitioner's objections concern evidence that was purportedly improperly admitted at his trial. This Court begins its analysis of those objections with the guiding principle that, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." **Estelle v. McGuire**, 502 U.S. 62, 67 (1991). As this pertains to state evidentiary rulings, "'we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a

constitutionally fair proceeding.'" ***Barbe v. McBride***, 521 F.3d 443, 452 (4th Cir. 2008) (quoting ***Burket v. Angelone***, 208 F.3d 172, 186 (4th Cir. 2000)). As such, petitioner must demonstrate that the state court's admission of the challenged evidence violated his federal due process rights. With that standard in mind, this Court will review petitioner's objections to evidence admitted at his trial.

### i. **Petitioner's Objections to "Prior Bad Act" Testimony at His Trial (Objection One)**:

Petitioner first contends that the state trial court erred in admitting certain "prior bad act" testimony in violation of W.Va. R. Ev. 404(b) [Doc. 41 at 1]. Specifically, petitioner contends that numerous witnesses were allowed to testify that he had inappropriate sexual contact with his niece and nephew when they were children, despite the fact that he was only a teenager at the time [Id. at 1-2]. In support of that argument, petitioner cites a number of West Virginia cases that outline the parameters of permissible character evidence at the state level [Id. at 2-9]. For example, he argues that pursuant to ***State v. McGinnis***, 193 W.Va. 147, 455 S.E.2d 516 (1994), the trial court was required to conduct a W.Va. R. Ev. 403 balancing test to determine whether his niece and nephew would be permitted to testify about their alleged prior molestation at his hands [Id. at 2]. Petitioner also cites cases from federal courts which describe the federal standards of admission for character evidence [Id. at 4-9]. Petitioner further contends that this testimony violated Fifth and Fourteenth Amendment rights, presumably because this evidence was "unconfirmed, uncharged, very remote, and unproved (sic.)." [Id. at 9].

This Court finds that petitioner's assignment of error as to the 404(b) evidence admitted at his state court trial is an issue of state law that this Court may not properly

review.  *See Barbe*, 521 F.3d at 452.  Moreover, nothing in petitioner's objections lead this Court to conclude that the admission of the 404(b) evidence violated his federal due process rights.  *Estelle v. McGuire*, 502 U.S. at 67.  Therefore, this Court finds that no clearly established federal law was violated when the state court allowed 404(b) evidence to be admitted in petitioner's trial.  As such, petitioner's first objection fails.

### ii.  Petitioner's Objection Regarding Requiring the State of West Virginia to Investigate Discrepancies Between a Maryland and West Virginia Investigation Report (Objection Two):

Petitioner next contends that at his trial, the Court erred by not ordering the prosecutor to compare and contrast a prior complaint made against him in Maryland versus the West Virginia complaint [Doc. 45 at 9-10].  Specifically, he contends that the trial court should have ordered the production of psychological records which comprised a portion of the Maryland investigation against him, yet decided not to pursuant to Syl. Pt. 3, *State v. Roy*, 194 W.Va. 276, 460 S.E.2d 277 (1995) [Id.].  However, here again petitioner asks this Court to review the state court's discretionary evidentiary findings.  As noted above, this is an issue of state law which this Court may not properly review. *See Barbe*, 521 F.3d at 452.  Petitioner also does demonstrate that his federal due process rights were violated; instead, he merely speculates that, "there [may have] been some major discrepancies in the complaint made in Maryland v. the complaint made in West Virginia" [Doc. 45 at 10] Therefore, this Court finds that no clearly established federal law was violated when the state court did not order police investigation records from the State of Maryland.  As such, petitioner's second objection fails.

### iii.  Petitioner's Objections Regarding Sergeant Hall's Testimony (Objection Four):

In his fourth objection to the R&R, petitioner contends that Sergeant Hall, an investigator in the Berkeley County Sheriff's office, was improperly allowed to testify using another investigator's records [Doc. 45 at 11-15]. Petitioner contends that his constitutional right to confront his accuser, pursuant to the Confrontation Clause of the Sixth Amendment, was violated as he was not afforded the opportunity to cross-examine the officer that arrested him [Id. at 11]. The crux of petitioner's objections center on two specific portions of Sergeant Hall's testimony. The first concerns Sergeant Hall's testimony as to a DVD of the petitioner's victim's confessions, which was used to obtain a warrant to arrest the defendant, which petitioner regards as "hearsay" [Id. at 13]. The second concerns purported discrepancies between an investigative report and an interview with the victims [Id. at 14-15].

Insofar as petitioner objects to Sergeant Hall's testimony that the trial court improperly admitted hearsay testimony, this Court again denies that objection. Again, this Court declines to review the state court's discretionary evidentiary findings, as this is an issue of state law which this Court may not properly review. *See **Barbe***, 521 F.3d at 452. Even if this Court could review that hearsay objection, a review of the trial transcript reveals petitioner's categorization of the testimony is misplaced. At trial, Sergeant Hall testified that he obtained the warrant for petitioner's arrest after he determined that an arrest was necessary [Doc. 18-15 at 10-11]. Sergeant Hall then testified that he reviewed the DVD interview that was conducted of the two victims; when asked further about what he ascertained from the DVD, petitioner's trial counsel objected on hearsay grounds [Id. at 12]. This objection was overruled by the Court, as the prosecution represented that it sought this information not for the truth of the matter asserted, but instead as to why Sergeant Hall

9

concluded that he should arrest the petitioner [Id. at 12-14].  Such a ruling was well within the trial court's discretion, and no clearly established federal law or constitutional right was violated herein.

As to petitioner's second point, while he correctly notes that the Confrontation Clause guarantees a criminal defendant the right, "to be confronted with the witnesses against him," U.S. Const. amend. VI, he misinterprets how that right is properly effectuated. "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination."  *Davis v. Alaska*, 415 U.S. 308, 315-316 (1974) (internal citations omitted).  Here, the record reflects that petitioner was clearly afforded the opportunity to cross-examine Sergeant Hall [Doc. 18 at 26-37].  That cross-examination appears, from the record, to have been thorough.  Moreover, petitioner candidly admits that he had the opportunity to question the arresting officer, Deputy Gibbons, during his case in chief [Doc. 45 at 14-15].  As petitioner's Confrontation Clause objection stems from his notion that Sergeant Hall should not have been able to testify as to the efficacy of Deputy Gibbon's separate investigation in his claim, that objection is null and void.  Petitioner had a full and fair opportunity "to be confronted with the witnesses against with him," U.S. Const. amend. VI, and no federal constitutional violation occurred.  As such, petitioner's fourth objection fails.

**iv**. **Petitioner's Objections Regarding R.B.'s Emotional Testimony (Objection Five)**:

Petitioner next objects that a victim-witness, R.B.,[1] appeared to be sobbing during

---

[1] This Court declines to use either of the victims' names in this Order, given the nature of allegations and the victim's age at the time of the crime; as such, the victims' initials will be used.

his testimony [Doc. 45 at 15]. Yet again, this Court declines to review the state court's discretionary evidentiary findings, as this is an issue of state law which this Court may not properly review. *See Barbe*, 521 F.3d at 452. Moreover, there is no federal constitutional violation in allowing a witness to continue testifying after witness becomes emotional. In *Whitehead v. Cowan*, 263 F.3d 708, 723 (7th Cir. 2001), the Seventh Circuit refused to grant habeas relief where a witness and murder victim's mother, while on the witness stand, "rose and began shouting at the defendant while crying." Similarly, in *Kinnamon v. Scott*, 40 F.3d 731 (5th Cir. 1994), Fifth Circuit concluded that a crying witness on the stand could amount to a "prejudicial error of constitutional magnitude. That the [witness, a] young girl was upset and angry at the person accused by the state as the murderer of her father communicated nothing new to the jury, even if the incident occurred." Here the witness became emotional whilst testifying about traumatic things that happened to him as a child [Doc. 18-12 at 74–75]. It was well within the trial court's discretion to deny petitioner's motion to remove the jury. Moreover, the trial court properly noted that a jury is entitled to watch witnesses carefully as well as listen to their testimony in order to assess their credibility [Id. at 75]. As such, petitioner has not offered a federal constitutional violation by the State's witness becoming emotional on the stand when testifying about sexual offenses committed against him by petitioner. As such, petitioner's fifth ground should also fail.

### v. **Petitioner's Objections Regarding Confrontation of R.B. (Objection Six)**:

Petitioner also contends that he was not properly afforded an opportunity to confront R.B. with prior testimony from the 404(b) hearing referenced above. As also noted above, this Court declines to review the state court's discretionary evidentiary findings, as this is

an issue of state law which this Court may not properly review. *See Barbe*, 521 F.3d at 452. However, a plain reading of the record reveals that petitioner's objection is factually incorrect. During his trial, the court sustained an objection by the prosecution as defense counsel was cross-examining R.B., claiming that counsel mis-characterized R.B.'s testimony from the 404(b) hearing [Doc. 18-12 at 31–39]. After striking a question and answer, the court permitted petitioner's trial counsel to confront R.B. with his prior testimony from the Rule 404(b) hearing [Id. at 39-44]. Petitioner's trial counsel actually confronted R.B. with his testimony from the 404(b) hearing, including when petitioner inappropriately touched him [Id. at 43-44]. As such, not only is this issue an evidentiary ruling that is outside the scope of this Court's review, but it also represents a brazen factual mis-categorization by the petitioner. Petitioner's sixth objection is therefore denied.

    **vi**. **Petitioner's Objections Regarding Witness Dana Williams (Objection Seven)**:

Petitioner then argues that the trial court allowed "prejudicial statements" while the prosecution cross-examined witness Dana Williams, a former girlfriend of the petitioner, with whom he has a child [Doc. 45 at 16-18]. This Court again declines to review the state court's discretionary evidentiary findings, as this is an issue of state law which this Court may not properly review. *See Barbe*, 521 F.3d at 452. However, each line of questioning to which petitioner objects was designed to address bias and credibility [Doc. 18-13]. In such a circumstance, the trial court has broad discretion to admit or deny those questions. Because petitioner cannot demonstrate that the trial court's decision to admit that line of questioning constituted a violation of his federal constitutional rights objection seven must be denied.

**vii**. **Petitioner's Objections Regarding Marian Nelson's Testimony (Objections Eight and Nine)**:

Finally, in his eighth and ninth objections, petitioner makes related objections concerning Marian Nelson's testimony at his trial. First, petitioner claims that the trial court erred in refusing to permit Marian Nelson from testifying as to one of the victim's, A.N., hospitalization and counseling history [Doc. 45 at 18-19]. Petitioner contends that the State "opened the door" to this testimony when A.N. testified earlier in the trial that she had cut her wrists [Doc. 1 at 16]. As a result, petitioner argues that he was entitled to elicit testimony concerning A.N.'s hospitalization and subsequent counseling when she testified that she had cut her wrists [Doc. 1 at 16]. Petitioner contends that had he been permitted to inquire as to A.N.'s medical history, he would have been able to elicit testimony that A.N. was sexually abused by her cousin when she was three years old, and sought counseling in the aftermath of that abuse [Doc. 45 at 18-19.]. Petitioner contends that, "the hospitalization records and diagnoses of [A.N.] went to the credibility of the witness." [Id. at 19]. At trial, the court found that this evidence was irrelevant, and that even if it had any relevance, its prejudicial value would substantial outweigh its probative value [Doc. 18-14 at 37-38; 43-44].

Similarly, in objection nine, petitioner argues that the trial court improperly allowed the prosecution to cross-examine Marian Nelson regarding testimony of the Rule 404(b) witnesses [Doc. 45 at 19-20]. In support of that claim, petitioner cites a portion of her testimony that he objects to, and contends that, "[t]he questions asked by the State was extremely outside the scope of the 404(b) hearing evidence. However, the Judge, apparently biased, overruled and allowed the testimony to continue" [Id. at 20].

This Court again declines to review the state court's discretionary evidentiary findings as to either portion of Marian Nelson's testimony, as petitioner's objections present issues of state law which this Court may not properly review. *See Barbe*, 521 F.3d at 452. This Court further finds that petitioner cannot demonstrate that the trial court's decisions regarding Marian Nelson's testimony constituted a violation of his federal constitutional rights. As to objection eight, this Court has reviewed the record and trial transcripts, and finds that the trial court was well within its discretion to exclude evidence of A.N.'s hospitalization and counseling. The trial court reasonably concluded that the proffered evidence was both irrelevant or, if relevant, its value was substantially outweighed by unfair prejudice [Doc. 18-14 at 37-38; 43-44]. As to objection nine, a review of Marian Nelson's testimony reveals that immediately after the portion of testimony quoted by the petitioner took place, she was questioned about her understanding of what happened between petitioner and his niece and nephew [Id.]. She testified that she believed that they were just, "kids 'playin' around'" [Id. at 43-44]. A plain reading of this testimony clearly indicates that the trial court reasonably allowed this line of questioning. As such, because neither objection eight nor nine demonstrate a misapplication of federal law or a violation of petitioner's constitutional rights, these objections must be denied.

B. Petitioner's Objections Regarding Juror Pertee (Objection Three):

Petitioner's third objection states that the state trial court erred in not striking juror Teresa Pertee ("Pertee") for cause [Doc. 45 at 10-11]. In support of his argument, petitioner cites to footnote eight of Justice Sotomayor's concurring in part, dissenting in part opinion in *Skilling v. United States*, 561 U.S. 358, fn. 8 (2010), which provides, in relevant part, that, ". . . a trial court violates a defendant's right to impartial jury if it erroneously

denies a for-cause challenge to a biased venire member who ultimately sits on the jury (internal citations omitted)." Petitioner avers that during voir dire, Pertee candidly admitted that she worked with the Department of Health and Human Resources ("DHHR") in Maryland for thirty-four (34) years [Id. at 11]. Because of Pertee's work with the DHHR, petitioner argues that she was "intimately involved with an agency that dealt with abused and neglected children and thus knew the law and court system in regards to children's cases," and therefore had an inherent bias against him [Id.]. However, petitioner's argument on this point misses its intended mark.

Defendants in state criminal proceedings before a jury have a constitutionally guaranteed right to a fair, impartial, and indifferent jury. *See Morgan v. Illinois*, 504 U.S. 719, 726 (1992), (reiterating that through Fourteenth Amendment incorporation unto the states, "if a jury is to be provided to the defendant . . . the jury must stand impartial and indifferent to the extent commanded by the Sixth Amendment"); *see also Irvin v. Dowd*, 366 U.S. 717 (1961), and *Turner v. Louisiana*, 379 U.S. 466 (1965) (each holding that the Fourteenth Amendment's Due Process Clause independently requires the impartiality of any jury empaneled to try a cause). Where a party seeks to demonstrate that a potential juror is biased, and would impinge on the constitutionally protected right to a fair, impartial jury trial, that party must demonstrate through questioning that the potential juror lacks impartiality. *See Wainwright v. Witt*, 469 U.S. 412, 423 (1985); *see also Reynolds v. United States*, 98 U.S. 145, 157 (1879). The trial judge then has a duty to determine whether the challenge is proper. *Id.* at 423-424. On federal habeas corpus review, a trial judge's, "finding that a particular venireman was not biased and therefore was properly seated was a finding of fact subject to 28 U.S.C. § 2254(d)," and is thus entitled to a

presumption of correctness. *Id.* at 427-428, *citing **Patton v. Yount***, 467 U.S. 1025 (1984).

Here, there is nothing in the record that indicates that the trial judge's decision not to strike juror Pertee for cause was improper. Per the voir dire transcript, counsel for both parties thoroughly questioned juror Pertee as to any potential bias that she may harbor against the petitioner [Doc. 18-11]. Time and time again, juror Pertee swore that she could be, and would be, unbiased [Id.]. It appears that the trial judge properly considered juror Pertee's potential imputed bias in both her personal and professional life, and properly weighed those concerns with her declarations of impartiality [Id.]. As such, this Court can find nothing in the record to rebut the presumption that trial court's finding was in any way improper, and it was well within the trial court's purview not to strike juror Pertee for cause. As such, petitioner's objection on this ground is without merit.

C. Petitioner's Objections Regarding Trial Counsel's Effectiveness (Objection Ten):

In his tenth objection, petitioner contends that his trial counsel was ineffective, and cites a total of nineteen instances where his counsel was inadequate [Doc. 45 at 20-25]. These grounds include: (1) counsel did not properly investigate and prepare for trial; (2) counsel's performance at trial was deficient as to fourteen individual areas; (3) counsel did not assert a "mental defense/diminished capacity"; (4) counsel failed to request an independent psychological evaluation for as to the two victim-witnesses; (5) counsel failed to move for a change of venue; and (6) counsel failed to request grand jury minutes or transcripts [Id.].

To demonstrate ineffective assistance of counsel, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697. That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

As Justice Rehnquist noted in his concurring in part, dissenting in part opinion in *Williams v. Taylor*, 529 U.S. 362, 417 (2000), ". . . in an ineffective-assistance-of-counsel case where the state court applies *Strickland*, federal habeas courts can proceed directly to 'unreasonable application' review," portion of 28 U.S.C. § 2254. As the majority opinion in *Williams* further elucidates, a state Court unreasonably applies Supreme Court precedent only, "if the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. West Virginia has adopted the *Strickland* test for determining whether counsel was ineffective under the state Constitution. Syl. pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). As such, this Court must determine whether the state courts applied *Strickland* correctly.

The state habeas court properly found that petitioner could not satisfy either prong of *Strickland* with regard to his ineffective assistance of counsel claims [Doc. 18-7 at 18; *citing* Syl. Pt. 1, *State ex rel. Bailey v. Legursky*, 200 W.Va. 770, 490 S.E.2d 858 (1997),

and holding that the *Strickland* test is to be used in West Virginia].  With regard to trial counsel's investigation, the habeas court found that petitioner failed to specify what facts were not investigated, or how such an investigation would have changed the outcome of his trial [Id.].  The court likewise found that petitioner failed to specify what witnesses or evidence if properly discovered would have changed the outcome of trial [Id.].  With regard to counsel's performance at trial, the habeas court addressed each of petitioner's contentions and properly applied the *Strickland* analysis [Id. at 19–27].  Neither the Petition, nor the underlying record show that the state court unreasonably applied *Strickland*, and therefore, this ground should be dismissed.  This Court finds that petitioner's trial counsel's representation did not fall below the objective standard of reasonableness, nor were any prejudicial errors committed at petitioner's trial that would have led to a different result.

D. Petitioner's Objections Regarding Appellate Counsel's Effectiveness (Objection Eleven):

In his eleventh objection, petitioner contends that his appellate counsel failed to complete a direct appeal appropriately [Doc. 45 at 25-26].  Petitioner further objects to his appellate counsel's use of an *Anders* brief to raise a number of the grounds for appeal [Id.].  The state habeas court found that petitioner failed to identify in his petition or by testimony why he believes the outcome of his appeal would have been different had counsel not filed an *Anders* brief in regard to those issues [Doc. 18-7 at 27–28].

This Court must apply the same standard for ineffective assistance counsel as used above.  Furthermore, this Court finds that the state court did not unreasonably apply federal law in arriving at its conclusion that petitioner did not properly state a claim for ineffective assistance of appellate counsel [Id.].  As noted above, under *Strickland*, it is petitioner's

burden to show that there is a reasonable probability that the outcome of the proceedings would have been different but for his counsel's alleged errors. *See* 466 U.S. at 688. As petitioner has not met that burden, his eleventh objection must be denied.

E.   Petitioner's Objections Regarding the Sufficiency of the Evidence Used to Convict Petitioner (Objection Twelve):

In his final objection, petitioner argues that there was insufficient evidence to sustain a conviction in his case [Doc. 26 at 26-30]. Petitioner argues that because A.N. recanted her testimony regarding petitioner's abuse, then subsequently recanted that recantation, she must be declared mentally incompetent [Id.]. First, the Supreme Court of the United States has noted, "[r]ecantation testimony is properly viewed with great suspicion. . . . [It] is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction." ***Dobbert v. Wainwright***, 468 U.S. 1231, 1233–34 (1984) (Brennan, J., dissenting).

In his direct habeas appeal, the West Virginia Supreme Court found that the lower habeas court heard the full extent of the evidence cited by petitioner, "including A.N.'s explanation of how she was coerced into executing a false affidavit." [Doc. 18-6 at 2–3]. The Court also found that during the habeas hearing, A.N. reaffirmed her trial testimony, and further found that the habeas court committed no error in finding her testimony to be credible [Id. at 3]. The state habeas court found that A.N.'s testimony was credible based on her demeanor and candor [Doc. 18-7 at 16]. Further, at the lower habeas proceeding, A.N. testified that she was pressured by her grandmother to sign an untrue affidavit, and that she eventually copied a draft of the untrue affidavit from one prepared by Petitioner

[Id.]. A.N. swore that she stood by her trial testimony, and she further explained that she filed the most recent affidavit to recant the earlier untrue affidavit [Id.].

Under 28 U.S.C. § 2254, "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C § 2254(e)(1). The petitioner has failed to rebut this presumption. Considering the evidence before this Court, the state habeas court's ruling in this regard was not contrary to or an unreasonable application of clearly established federal law. Thus, petitioner's twelfth and final objection should be denied.

## **V**. **Conclusion**:

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 38]** should be, and is, hereby **ORDERED ADOPTED**. The petitioner's **Objections [Doc. 45]** are hereby **DENIED**. The respondent's **Motion for Summary Judgment [Doc. 18]** is hereby **GRANTED**. This Court **ORDERS** that the petitioner's Petition for Writ of Habeas Corpus **[Doc. 1]** be **DENIED and DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court and enter judgment in this matter in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** January 21, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE